■ SERENA ETENG et al., Appellants, v DAJOS TRANSPORTATION et al., Respondents. [932 NYS2d 58]—

Defendants made a prima facie showing of entitlement to summary judgment as to plaintiff Eteng's claims of "significant limitation of use" of her cervical and lumbar spine, right shoulder and right knee (Insurance Law § 5102 [d]). They submitted expert medical reports finding normal ranges of motion, as well as the report of a radiologist who opined that changes shown in an MRI of the then 25-year-old plaintiff's cervical spine were degenerative. In opposition, plaintiff submitted competent medical evidence raising an issue of fact as to her cervical and lumbar spine injuries, including the report of a radiologist who found disc herniations, and of her treating physician who opined after full examination within a week of the accident that her injuries were causally related to the accident (*see Linton v Nawaz*, 62 AD3d 434, 439 [2009], *affd on other grounds* 14 NY3d 821 [2010]; *see also June v Akhtar*, 62 AD3d 427 [2009]).

Defendants also met their initial burden as to plaintiff Allen's claims of "significant limitation of use" of his shoulders, right knee and cervical spine. They submitted expert medical reports finding normal ranges of motion, as well as the report of a radiologist who opined that changes shown in an MRI of the then 27-year-old plaintiff's knee were degenerative. However, defendants' experts' conflicting reports concerning their examinations of Allen's lumbar spine failed to establish the absence of limitations in range of motion, and their radiologist's report concerning the lumbar MRI is not in the record. In opposition, Allen submitted evidence sufficient to raise an issue of fact as to the injury to his right knee, since his treating physician found causation and limitations in range of motion, and his radiologist confirmed that an MRI revealed a tear of the medial meniscus, without noting any degeneration (*see Jacobs v Rolon*, 76 AD3d 905 [2010]). In addition, assuming defendants met their burden as to the lumbar spine injury, Allen submitted objective medical evidence of contemporaneous and continuing limitations, as well as the affirmed report of a radiologist finding disc herniations and his physician's opinion that his injury was causally re-

lated to the accident, which was sufficient to raise an issue of fact. Nevertheless, we note that if plaintiffs prevail at trial on their serious injury claims, they will be entitled to recovery also on their nonserious injuries caused by the accident (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548 [2010]).

Plaintiffs adequately explained the gap in treatment by asserting in their affidavits that they stopped receiving treatment for their injuries when their no-fault insurance benefits were cut off (*see Browne v Covington*, 82 AD3d 406 [2011]).

Plaintiffs' bill of particulars refuted their 90/180-day claim, since both alleged that they were confined to bed for two weeks and to home for one month (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]). Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.