■ MIGDALIA CAMACHO, Respondent, v ANGEL ESPINOZA et al., Appellants, et al., Defendants. [942 NYS2d 539]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 20, 2011, which, insofar as appealed from, in this action for personal injuries sustained in a motor vehicle accident, denied the motion of defendants Angel Espinoza and Mitzy Transportation, Inc. for summary judgment dismissing the complaint in its entirety as against them, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff's cervical, lumbar, left shoulder, and left wrist injuries were not serious injuries caused by the accident. Defendants submitted affirmed reports of a radiologist and an orthopedist, showing that plaintiff sustained no range of motion limitations, and objective MRI evidence evincing no evidence of traumatic or causally related injury (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [2011]). Defendant also established that plaintiff's cervical injuries were not serious injuries caused by the accident by submitting evidence that she suffered from degenerative conditions that preexisted the accident (*id.*).

In opposition, plaintiff raised triable issues of fact. Although plaintiff's physicians did not expressly address the conclusion of defendants' expert that the cervical injuries were degenerative in origin, the physician attributed plaintiff's injuries to a different, yet equally plausible cause, namely, the accident (*see Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]).

Moreover, plaintiff raised an issue of fact regarding whether the injuries to her left shoulder and cervical spine were serious injuries. Plaintiff submitted an affirmed report from her treating orthopedic surgeon demonstrating that she continued to exhibit range of motion deficits in her left shoulder even after having surgery (*see Paulino v Rodriguez*, 91 AD3d 559 [2012]). She also submitted an affidavit from her chiropractor, quantify-

ing range of motion limitations in her cervical spine. Since plaintiff established that some injuries meet the "no-fault" threshold, "it is unnecessary to address whether [her] proof with respect to other injuries [s]he allegedly sustained would have been sufficient to withstand defendants' motion for summary judgment" (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]). However, plaintiff failed to rebut defendants' showing on causation with regard to the lumbar spine. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.