Moreira v Mahabir (2018 NY Slip Op 01129)





Moreira v Mahabir


2018 NY Slip Op 01129


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5720 301455/12

[*1]Rufina Moreira, Plaintiff-Appellant,
v
Prakash Mahabir, et al., Defendants-Respondents.


Sacco & Fillas, LLP, Astoria (Chad B. Russell of counsel), for appellant.
Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for Prakash Mahabir and New York City Transit Authority, respondents.
Saretsky Katz & Dranoff, L.L.P., New York (Daniel Rifkin of counsel), for Mohammad Hossain and Relax Auto Services, Inc., respondents.



Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 21, 2016, which granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury pursuant to Insurance Law § 5102(d), unanimously modified, on the law, to deny the motions as to plaintiff's claims regarding her cervical spine and lumbar spine under the permanent consequential limitation and significant limitation categories, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained serious injuries to her cervical and lumbar spine following a motor vehicle accident that occurred in July 2011 when she was a passenger on a City bus. Defendants made a prima facie showing that plaintiff did not sustain serious injuries involving significant or permanent consequential limitation in use of those body parts through the affirmed reports of an orthopedic surgeon and neurologist who found normal ranges of motion, negative objective test results, and resolved sprains and strains (see Rickert v Diaz, 112 AD3d 451, 451-452 [1st Dept 2013]). Defendant's neurologist explained that the limitations he measured in the lumbar spine were due to plaintiff's limited effort on examination, not any injury related to the accident (see Mercado-Arif v Garcia, 74 AD3d 446 [1st Dept 2010]). However, defendants' experts did not raise any issue as to causation, since the orthopedic surgeon acknowledged that the accident caused cervical and lumbar sprain that had resolved. While their neurologist stated that the MRIs "appeared to show pre-existing herniations," he did not review the MRI films himself, and his equivocal statement was inconsistent with the referenced MRI reports, which identified specific herniations and noted no significant degenerative disc disease in the spine.
In opposition, plaintiff raised an issue of fact through the affirmed reports of a physician who examined her soon after the accident, and another who examined her recently and observed significant limitations in range of motion of the affected body parts, as well as positive results on objective tests for cervical and lumbar injury (see Encarnacion v Castillo, 146 AD3d 600, 601 [1st Dept 2017]; DaCosta v Gibbs, 139 AD3d 487, 487 [1st Dept 2016]). Although the contents of some of the medical records submitted by plaintiff were inadmissible because they were unaffirmed (see Barry v Arias, 94 AD3d 499, 499 [1st Dept 2012]), they could "be considered for the purpose of demonstrating that plaintiff sought medical treatment for h[er] claimed injuries contemporaneously" (Vishevnik v Bouna, 147 AD3d 657, 659 [1st Dept 2017]).
To the extent that defendants raised an issue as to degeneration, plaintiff's physicians adequately addressed the issue by ascribing her injuries to a different, yet equally plausible, explanation — the accident (see Pommells v Perez, 4 NY3d 566 [2005]; Camacho v Espinoza, 94 AD3d 674 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). [*2]Defendants' contention that plaintiff failed to adequately explain a cessation of treatment is unpreserved, since it was first raised in reply and may not be raised on appeal (see Paulling v City Car & Limousine Servs., Inc., 155 AD3d 481 [1st Dept 2017]; Tadesse v Degnich, 81 AD3d 570 [1st Dept 2011]). In any event, plaintiff's physician noted that therapy and other treatment ceased because it failed to improve her condition (see Pommells v Perez, 4 NY3d at 577).
Defendants met their prima facie burden as to the 90/180-day claim by submitting plaintiff's bill of particulars and deposition testimony, where she admitted that she had not been confined to her bed and home for the requisite period of time
after the accident (see Komina v Gil, 107 AD3d 596, 597 [1st Dept 2013]). In opposition, plaintiff did not raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK