Gerontianos v Rodgers (2022 NY Slip Op 04152)

Gerontianos v Rodgers

2022 NY Slip Op 04152

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-02267
 (Index No. 615162/18)

[*1]Steven J. Gerontianos, appellant,
v
Deborah A. Rodgers, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated March 26, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated June 23, 2020, granting the defendant's unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order dated March 26, 2021, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident in May 2017. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to oppose the motion. In an order dated June 23, 2020 (hereinafter the June 2020 order), the Supreme Court granted the defendant's unopposed motion for summary judgment dismissing the complaint. In July 2020, the plaintiff moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the June 2020 order. By order dated March 26, 2021, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Harrison v Toyloy, 174 AD3d 579, 580). On appeal, the defendant does not contest the Supreme Court's determination that the plaintiff established a reasonable excuse for his default in opposing the defendant's motion for summary judgment dismissing the complaint.
Contrary to the plaintiff's contention, he failed to demonstrate a potentially meritorious opposition to the defendant's motion for summary judgment dismissing the complaint (see Zavala v Zizzo, 172 AD3d 793, 794; Cavitolo v Broser, 163 AD3d 913, 914; Franklin v Gareyua, 136 AD3d 464, 465, 467, affd 29 NY3d 925). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the June 2020 order.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court