Curiale v Delfavero (2022 NY Slip Op 07217)

Curiale v Delfavero

2022 NY Slip Op 07217

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01404
 (Index No. 603831/13)

[*1]Ronna A. Curiale, respondent,
v
Cathy P. Delfavero, appellant.

Rankin Savidge, PLLC (Thomas Torto, New York, NY, of counsel), for appellant.
Rappaport, Glass, Levine & Zullo, LLP, Islandia, NY (Charles J. Rappaport of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 4, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on May 18, 2011. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered February 4, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury under the permanent loss of use category of Insurance Law § 5102(d) as a result of the accident, and denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102(d) as a result of the accident. The defendant appeals.
The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendant's expert found significant limitations in the range of motion of these body parts (see Flood v Fillas, 172 AD3d 1175, 1176; Singleton v F & R Royal, Inc., 166 AD3d 837, 838). Further, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see generally Jilani v [*2]Palmer, 83 AD3d 786, 787). Since the defendant failed to establish, prima facie, that the plaintiff did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) as a result of the subject accident, it is unnecessary to consider whether the defendant established that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the subject accident (see Linton v Nawaz, 14 NY3d 821, 822; Pollet v Charyn, 200 AD3d 728, 730).
Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102(d) as a result of the subject accident.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court