Merone v Five Towns Review, Corp. (2023 NY Slip Op 02117)

Merone v Five Towns Review, Corp.

2023 NY Slip Op 02117

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09550
 (Index No. 611588/18)

[*1]Rose F. Merone, appellant, 
v
Five Towns Review, Corp., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered December 9, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered December 9, 2020, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine and her right shoulder were degenerative in nature and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' radiologist that the alleged injuries to the lumbar region of the plaintiff's spine and her right shoulder were degenerative in nature (see Amirova v JND Trans, Inc., 206 AD3d at 602; McMahon v Negron, 186 AD3d 593; Mnatcakanova v Elliot, 174 AD3d 798, 800; Cavitolo v Broser, 163 AD3d 913, 914; Franklin v Gareyua, 136 AD3d 464, 465-466, affd 29 NY3d 925, 926). To the extent that the bill of particulars alleged that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d), the plaintiff [*2]has abandoned reliance on that category by failing to address it in her brief on appeal (see Yi Di Chen v Falikman, 186 AD3d 1295, 1296).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court