Scott v Ali (2024 NY Slip Op 04410)

Scott v Ali

2024 NY Slip Op 04410

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08800
 (Index No. 519381/18)

[*1]Stacy N. Scott, appellant, 
v
Shoab Ali, et al., respondents.

Leav & Steinberg, LLP, New York, NY (Edward R. Averbuch and Justin White of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for respondents Shoab Ali and Akrivos Leasing, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 20, 2021. The order, insofar as appealed from, granted the separate motions of the defendants Shoab Ali and Akrivos Leasing, LLC, and the defendant Darryl M. Scott, Jr., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Shoab Ali and Akrivos Leasing, LLC, and the defendant Darryl M. Scott, Jr., and the separate motions of the defendants Shoab Ali and Akrivos Leasing, LLC, and the defendant Darryl M. Scott, Jr., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff commenced this action against the defendants, Shoab Ali, Akrivos Leasing, LLC (hereinafter Akrivos), and Darryl M. Scott, Jr. (hereinafter Darryl), to recover damages for personal injuries that the plaintiff alleged she sustained in a motor vehicle accident in which she was the passenger in a vehicle driven by Darryl, which collided with a vehicle owned by Akrivos and driven by Ali. Ali and Akrivos moved, and Darryl separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff opposed the motions. In an order dated September 20, 2021, the Supreme Court, inter alia, granted the defendants' separate motions. The plaintiff appeals.
Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969, 969; Rouach v Betts, 71 AD3d 977, 977). Further, the defendants also [*2]failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Zennia v Ramsey, 208 AD3d 735, 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809, 809).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Curiale v Delfavero, 211 AD3d 905, 906).
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court