Pinkesz v Massachusetts Mut. Life Ins. Co. (2025 NY Slip Op 00343)

Pinkesz v Massachusetts Mut. Life Ins. Co.

2025 NY Slip Op 00343

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-09860
 (Index No. 511709/17)

[*1]Anthony Pinkesz, plaintiff,
v
Massachusetts Mutual Life Insurance Company, respondent, Joel Wertzberger, appellant.

Lipsius-BenHaim Law, LLP, Kew Gardens, NY (David BenHaim of counsel), for appellant.
Faegre Drinker Biddle & Reath LLP, New York, NY (Nolan B. Tully of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the defendant Joel Wertzberger appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated November 3, 2022. The order granted the motion of the defendant Massachusetts Mutual Life Insurance Company pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted against it by the defendant Joel Wertzberger.
ORDERED that the order is affirmed, with costs.
In March 2011, the plaintiff and the defendant Joel Wertzberger entered into an agreement regarding a life insurance policy insuring the life of Julius Pinkesz (hereinafter the original life insurance policy). The plaintiff and Wertzberger were joint beneficiaries and owners of the original life insurance policy. In June 2017, the plaintiff commenced this action against Wertzberger and the defendant Massachusetts Mutual Life Insurance Company (hereinafter Massachusetts Mutual), which issued the original life insurance policy. The complaint asserted causes of action for a constructive trust, alleging unjust enrichment, and for a judgment declaring that Wertzberger's share of the original life insurance policy was forfeited to the plaintiff when Wertzberger failed to make the required premium payments. The complaint stated that "Mass[achusetts] Mutual is named as a party hereto solely as a shareholder, and so that it should have to abide by any court order."
In December 2018, the plaintiff and Wertzberger entered into a handwritten stipulation (hereinafter the stipulation), which stated that Massachusetts Mutual would "split" the original life insurance policy into two policies, and that "[t]he owners and beneficiaries of one policy shall be designated by [the plaintiff] and the owner and beneficiary of one policy shall be designated by Joel Wertzberger." Thereafter, Massachusetts Mutual split the original life insurance policy. Wertzberger submitted an application to Massachusetts Mutual to have Judy Wolcowitz be named as the owner and beneficiary of his share of the now split original life insurance policy (hereinafter the Wertzberger policy).
In June 2021, the plaintiff filed an amended complaint. In July 2021, Wertzberger answered the amended complaint and asserted five cross-claims against Massachusetts Mutual sounding in breach of contract and breach of the implied duty of good faith and fair dealing, and for declaratory relief. In August 2021, Massachusetts Mutual moved pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted against it by Wertzberger. In an order dated November 3, 2022, the Supreme Court granted the motion. Wertzberger appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), "'the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 698, quoting Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911). Where "'the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery,'" dismissal of the cause of action is warranted (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960, quoting Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130 [internal quotation marks omitted]). "[C]onclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Lockwood v CBS Corp., 219 AD3d 1326, 1327 [internal quotation marks omitted]).
"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838-839, quoting Dee v Rakower, 112 AD3d 204, 208-209; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960). "One cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; see Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697).
The Supreme Court properly directed dismissal of the cross-claims asserted against Massachusetts Mutual by Wertzberger based on the allegations that Massachusetts Mutual breached the stipulation. As Wertzberger's pleading did not set forth that Massachusetts Mutual was a party to the stipulation, Massachusetts Mutual could not be held liable for the alleged breach of the stipulation under the circumstances (cf. Victory State Bank v EMBA Hylan, LLC, 169 AD3d at 965).
The Supreme Court also properly directed dismissal of the cross-claims asserted against Massachusetts Mutual by Wertzberger based on the allegations that Massachusetts Mutual had improperly allowed the Wertzberger policy to lapse or terminate. Wertzberger's allegation that Massachusetts Mutual failed to send proper notice that the policy was going to lapse, without stating what was improper or referring to specific policy provisions, was nothing more than a bare legal assertion with no factual specificity, which is insufficient to survive a motion to dismiss (see Feldman v Nassau Life Ins. Co., 224 AD3d 801, 803; Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960).
Moreover, Wertzberger abandoned the cross-claim alleging that Massachusetts Mutual breached the implied duty of good faith and fair dealing by failing to address that cross-claim in his main brief on appeal (see Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 534; Merone v Five Towns Review, Corp., 215 AD3d 951, 952).
Wertzberger's contention that Massachusetts Mutual failed to adhere to the requirements of Insurance Law § 3204 improperly raised a new theory of liability for the first time in opposition to Massachusetts Mutual's motion pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted against it by Wertzberger (see Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 837; Fox v Patriot Saloon, 166 AD3d 950, 951).
Accordingly, the Supreme Court properly granted Massachusetts Mutual's motion pursuant to CPLR 3211(a)(7) to dismiss the cross-claims asserted against it by Wertzberger.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court