Rivera v Devdariani (2026 NY Slip Op 50135(U))

[*1]

Rivera v Devdariani

2026 NY Slip Op 50135(U)

Decided on February 7, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2026
Supreme Court, Kings County

Daniel Rivera, Plaintiff,

againstGiorgi Devdariani, Defendant.

Index No. 502658/2023

Rosenbaum & Rosenbaum, P.C., New York City (Nikki M. Muccio of counsel) for plaintiff.
Baker, McEvoy & Moskovits, Freeport (Alex Rigberg of counsel), for defendant. 

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 38-46, 49-51, 53-70.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within matter is determined as follows.BackgroundPlaintiff Daniel Rivera brought suit against Defendant for personal injuries allegedly sustained in a September 1, 2022 motor vehicle accident. Per Plaintiff's bill of particulars, he sustained injuries to the cervical spine, lumbar spine, left wrist, right ankle, and right knee (see NYSCEF Doc No. 42 ¶ 10).
As per Insurance Law § 5104 [a]), "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."
Serious injury is defined though nine statutory categories:
a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment [last category known as "90/180"] (Insurance Law § 5102 [d]).Plaintiff's bill of particulars alleged that he sustained serious injury as per the categories of significant disfigurement; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and 90/180 (see NYSCEF Doc No. 42 ¶ 20).
Defendant Giorgi Devdariani seeks summary judgment under CPLR 3212 dismissing the complaint, asserting that Plaintiff has not sustained a serious injury — that Plaintiff's claimed injuries did not proximately result from the subject motor vehicle accident and that they did not meet the threshold of serious injury as defined in the statutory categories.
General Discussion
Summary judgment, including in a motor vehicle accident case, is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Andre v Pomeroy, 35 NY2d 361 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). A moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that the plaintiff has not suffered a serious injury proximately resulting from the subject [*2]motor vehicle accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]).
In order to make out a prima facie case that a plaintiff has failed to achieve serious injury as defined in Insurance Law § 5102 (d), a defendant must rule out all categories claimed in the bill of particulars (see Diaz v Nightingale Bakery & Beverage Distrib., Inc., 241 AD3d 642 [2d Dept 2025]; Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Curiale v Delfavero, 211 AD3d 905), and/or must establish that whatever injuries are claimed by the plaintiff did not proximately result from the subject motor vehicle accident (see Lemieux v Horn, 39 NY3d 1108 [2023], affg 209 AD3d 1100 [3d Dept 2022]; Franklin v Gareyua, 29 NY3d 925 [2017], affg 136 AD3d 464 [1st Dept 2016]; Rivera v Fernandez & Ulloa Auto Group, 25 NY3d 1222 [2015], affg 123 AD3d 509 [1st Dept 2014]).
If the defendant has made such a showing that the plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to the plaintiff to submit evidence in admissible form to establish that indeed there are material issues of fact regarding serious injury (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]).
Defendant's Case
Defendant relies on its medical experts, Dr. Sheldon P. Feit and Dr. Thomas P. Nipper, for its contentions that Plaintiff did not sustain a serious injury proximately resulting from the subject September 1, 2022 motor vehicle accident.
In affirmed reports dated September 9, 2025, Dr. Feit discussed his findings upon reviewing MRIs of various body parts of Plaintiff. Dr. Feit's brain MRI review is irrelevant because no brain injuries are claimed. His cervical spine, lumbar spine, left wrist, and right knee MRI reviews concluded that there were no abnormalities causally related to the September 1, 2022 accident (see NYSCEF Doc No. 44). Plaintiff claimed injuries to these last four body parts. Dr. Feit did not review imaging of Plaintiff's right ankle, which was also claimed to have been injured. 
The Court finds Dr. Feit's opinions regarding proximate causation to be conclusory with respect to the left wrist and right knee inasmuch as he did not identify any pre-existing or degenerative conditions with particularity (see Landman v Sarcona, 63 AD3d 690 [2d Dept 2009]). He did not examine Plaintiff so his reports cannot be utilized in Defendant's attempt to establish that Plaintiff did not achieve any category of serious injury (see Smith v Quicci, 62 AD3d 858 [2d Dept 2009]). Therefore, Dr. Feit's reports do not establish for Defendant a prima facie case that Plaintiff did not sustain a serious injury proximately resulting from the subject motor vehicle accident with respect to the left wrist, right knee, and right ankle. His reports do make out a prima facie case that there is no proximate causation of cervical spine and lumbar spine injuries from the September 1, 2022 accident because the MRIs revealed normal studies, [*3]i.e., there were no injuries, according to him.
Defendant also offered the affirmed independent medical examination (IME) report of Dr. Thomas P. Nipper, an orthopedic surgeon. Dr. Nipper examined Plaintiff on April 28, 2025. His report documented taking a history and orthopedic and neurological testing. Range of motion testing of the cervical spine, lumbar spine, left wrist, right knee, and right ankle revealed no deficits, and conditions had "resolved" (NYSCEF Doc No. 43 at 3). Dr. Nipper opined, "The objective test results do not support the claimant's subjective complaints as related to the reported accident" (id.).
The Court finds that Dr. Nipper's IME report did not establish a prima facie case in support of Defendant's contention that Plaintiff's asserted injuries were not proximately caused by the subject motor vehicle accident; he did not opine on whether the claimed injuries themselves proximately resulted from the accident. However, Dr. Nipper's report did establish a prima facie case in support of Defendant's contention that Plaintiff's injuries did not rise to serious injury defined as significant disfigurement, the only scarring being portal scarring in the right knee, which would not be significant. There being no deficits in range of motion testing, the IME report further made out a prima facie case that Plaintiff did not sustain a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955).
Plaintiff did not sustain a serious injury defined as "permanent loss of use of a body organ, member, function or system." A permanent loss of use of a body organ, member, function or system must be total (see Oberly v Bangs Ambulance, 96 NY2d 295 [2001]). No body part claimed by Plaintiff to have been injured and examined by Dr. Nipper was totally out of use.
Besides the four "medical" categories of serious injury concerning which Defendant already made out a prima facie case, there remains 90/180. Defendant adverted to testimony on pages 40-41 of Plaintiff's deposition transcript (see NYSCEF Doc No. 45). The testimony was that Plaintiff was limited in performing certain activities but there was nothing he could not do completely after the accident. No doctor had instructed him to not perform any activities. Curtailment of recreational and household activities does not meet 90/180 (see Lauretta v County of Suffolk, 273 AD2d 204 [2d Dept 2000]. A plaintiff's inability to perform tasks as easily or without pain in doing so does not meet 90/180 (see Lanzarone v Goldman, 80 AD3d 667 [2d Dept 2011].
90/180 being the fifth category of serious injury ruled out by Defendant, there was a prima facie case established in support of summary judgment dismissing Plaintiff's complaint due to not meeting the threshold of the asserted five definitions of serious injury. There was also a prima facie case established that cervical spine and lumbar spine injuries did not proximately result from the September 1, 2022 accident.
Per the cited case law above, the burden of demonstrating a material issue of fact, such as [*4]to deny summary judgment, shifted to Plaintiff.
Plaintiff's Opposition
Defendant is correct to argue that many of Plaintiff's submitted medical records were inadmissible because there was a failure to lay a foundation for their admission: from DHD Medical, Inc., Pain Physicians NY, PLLC, New York Sports & Joints, Complete Medical Care Services of NY, PC, and Jason M. Gallina, M.D. (see Cebron v Tuncoglu, 109 AD3d 631 [2d Dept 2013]; Irizarry v Lindor, 110 AD3d 846 [2d Dept 2013]).
However, the affirmation of Dr. Thomas S. Mathew is admissible for the purposes of opining as to achieved degrees on January 6, 2026, normal degrees on range of motion testing, and proximate causation. He properly affirmed in accordance with CPLR 2106. He examined Plaintiff on January 6, 2026, and described results of range of motion testing performed on Plaintiff's cervical spine, lumbar spine, right knee, left wrist, and right ankle. He also opined that "there is a causal connection between the above injuries and the reported accident occurring on September 1, 2022, including the objective findings of a loss of range of motion . . ." (NYSCEF Doc No. 64 ¶ 23).
What was striking to the Court was that in assessing Plaintiff's range of motion in the lumbar spine and left wrist, there were differences between Drs. Mathew and Nipper regarding the norms for certain movements. The following chart highlights the differences:

Movement

Dr. Mathew's findings

Dr. Mathew's norms

Dr. Nipper's findings

Dr. Nipper's norms

Lumbar flexion . . . . . . . .

70 degrees

90 degrees

50 degrees

50 degrees

Lumbar extension . . . . . .

20 degrees

30 degrees

25 degrees

25 degrees

Lumbar lateral bending - left and right . . . . . . . . . . 

30 degrees

50 degrees

25 degrees

25 degrees

Left wrist flexion . . . . . . .

65 degrees

80 degrees

60 degrees

60 degrees

If one were to apply the degrees attained upon testing by Dr. Nipper (Defendant's IME doctor) to the normal degrees attested to by Dr. Mathew (Plaintiff's doctor), there are significant limitations:

Movement

Dr. Nipper's findings

Dr. Mathew's norms

Limitation

Limitation Percentage

Lumbar flexion . . . . . . . .

50 degrees

90 degrees

40 degrees

44.4%

Lumbar extension . . . . . .

25 degrees

30 degrees

5 degrees

16.7%

Lumbar lateral bending - left and right . . . . . . . . . .

25 degrees

50 degrees

15 degrees

30.0%

Left wrist flexion . . . . . . .

60 degrees

80 degrees

20 degrees

25.0%

There are quite significant limitations in lumbar flexion (44.4%), lumbar lateral bending (30.0%), and left wrist flexion (25.0 %), at least according to Dr. Nipper's findings, when applying Dr. Mathew's norms (Dufel v Green, 84 NY2d 795 [1995] [20% limitation]; Gentile v Snook, 20 AD3d 389 [2d Dept 2005] [25% reduction]; O'Sullivan v Atrium Bus Co., Inc., 246 AD2d 418 [1st Dept 1998] [at least 50% and 20% reductions]); Balkaran v Shapiro-Shellaby, 26 Misc 3d 1228[A], 2009 NY Slip Op 52755[U] [Sup Ct, Bronx County 2009] [inconsistent norms between defendants' two examining doctors result in inference of significant limitations when degrees attained per one doctor are compared to higher norms of other doctor; inconsistency unexplained]). In his reply, Defendant did not explain the discrepancies in normal range of motion degrees with respect to these movements.
The application of different norms by medical experts in range of motion testing impugns the accuracy of Defendant's test results from Dr. Nipper, thereby demonstrating a material issue of fact (see Cracchiolo v Omerza, 87 AD3d 674 [2d Dept 2011] [inconsistent norms by defense's doctor in examining plaintiffs]).
Conclusion
Defendant's prima facie case of Plaintiff not having sustained a serious injury with regard [*5]to the asserted five serious injury categories has been rebutted by Defendant — through Dr. Mathew's affirmation — to the extent that Plaintiff has shown material issues of fact in terms of the lumbar spine and left wrist having sustained a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system. Also, Defendant's prima facie case of Plaintiff not having sustained injuries to the cervical and lumbar spines proximately resulting from the subject accident has been rebutted by Defendant through Dr. Mathew's affirmation.
If a plaintiff establishes that at least some injuries meet the serious injury threshold, it is unnecessary to address whether other injuries would withstand the defendant's summary judgment motion (see Linton v Nawaz, 14 NY3d 821 [2010]; Santos v Fiktus, 232 AD3d 698). Therefore, Plaintiff need not have shown a material issue of fact regarding the cervical spine, right ankle, and right knee in terms of the serious injury categories. Since there are material issues of fact with regard to the permanent consequential limitation and significant limitation categories of serious injury, Plaintiff was not required to rebut Defendant's prima facie showing regarding significant disfigurement, permanent loss of use, and 90/180 (see Diaz v Nightingale Bakery & Beverage Distrib., Inc., 241 AD3d 642). At trial, Plaintiff may present evidence as to all injuries so that the jury may determine whether any of them constituted a serious injury (see Nussbaum v Chase, 166 AD3d 638 [2d Dept 2018]).
Accordingly, Defendant Giorgi Devdariani's motion for summary judgment dismissing Plaintiff's complaint is DENIED.

Footnotes

Footnote 1:Transcripts of the oral argument may be procured from the court reporter.