◼ HELEN SILVA, as Administratrix of the Estate of RAYMOND F. DONAHUE, Deceased, Appellant, v PENN CENTRAL TRANSPORTATION COMPANY et al., Respondents, et al., Defendants.—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Westchester

County, entered November 7, 1979, which is in favor of defendants Penn Central Transportation Co. and Charles W. Fritz, upon a jury verdict. Judgment reversed, on the law, and, as between plaintiff and respondents, action severed and a new trial granted, with costs to plaintiff to abide the event. Plaintiff commenced this action to recover damages for the wrongful death of her intestate, who was struck and instantly killed by defendant Penn Central's train, while he was on the tracks in the New Rochelle train station. There was no evidence presented at the trial as to how the decedent got onto the tracks. Plaintiff's counsel at trial conceded that the decedent had been intoxicated at the time of the accident. As part of his charge to the jury on the duty owed my defendant Fritz, the engineer, to the decedent, the Trial Justice stated that, "a person cannot be liable in negligence for failing to provide against the danger he could not reasonably have foreseen, such as Mr. Donahue's intoxicated condition and his being on the tracks." Thereafter, the Trial Justice charged, in part, on the duty owed by defendant Penn Central to the decedent, that it was a question of fact for the jury to determine whether the train's engineer could have reasonably foreseen the decedent's presence on the tracks under the circumstances. In addition, the court stated: "Was the presence of the decedent, Mr. Donahue, in an intoxicated condition on the tracks at the time and place of the accident reasonably foreseeable by the engineer, Mr. Fritz, *even though the law requires that no person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks except under certain conditions which are not applicable in this case?*" (Emphasis supplied.) Subsequently, the court charged, as part of its instruction as to the contributory negligence of the decedent, if any, that it was a question of fact for the jury to determine whether the decedent had violated the "law" by his presence on the tracks, quoting section 83 of the Railroad Law. While the court appropriately submitted to the jury for their determination the issues of foreseeability and the possible applicability of section 83 of the Railroad Law, the court's charge created confusion in that certain of the aforementioned statements assumed that the decedent's presence on the tracks was not reasonably foreseeable by the train's engineer and was unauthorized. Therefore, a new trial is required. Gibbons, Gulotta and O'Connor, JJ., concur; Magano, J. P., dissents and votes to affirm the judgment.