■ ROCHELLE DE VINCENT, Individually and as Administratrix of the Estate of JOHN DE VINCENT, Deceased, Respondent, v PORSCHE-AUDI MANHATTAN, INC., et al., Defendants, and VOLKSWAGEN OF AMERICA, INC., Appellant. — In a wrongful death action, defendant Volkswagen of America appeals from so much of an order of the Supreme Court, Kings County (Morton, J.), dated October 2, 1980, as denied its motion, pursuant to CPLR 3126, to dismiss plaintiff's complaint, or, in the alternative, to preclude plaintiff from presenting evidence at trial as to matters contained in Items No. 12 and 13 of its demand for a bill of particulars on the ground that plaintiff failed to comply with a previous order directing full response, or, in the further alternative, for leave to renew its motion for leave to serve interrogatories on the grounds that plaintiff had served an inadequate bill of particulars, and, instead, granted said defendant's motion to the extent that plaintiff was ordered to submit a further bill in full response, or, if plaintiff could not comply, to submit a sworn statement so stating. Order modified (1) by deleting that portion of the first decretal paragraph which begins with the numeral "10" and substituting therefor the following: "30 days after completion of discovery proceedings by the plaintiff. Failure to serve such particulars within the time limited shall preclude the plaintiff from offering any proof at the trial in support of the allegations sought to be amplified by Items No. 12 and 13 of the demand of defendant Volkswagen of America," and (2) by deleting the second decretal paragraph. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Since plaintiff asserts that she is not in present possession of the required information, she should be given a full opportunity to acquire it through disclosure proceedings. Once these are completed, however, appellant is entitled to the protection of a preclusion order if the information is not provided. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.

■ RAMONE FIGUEROA, Also Listed as RAMON FIGEROA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. — In an action to recover damages for unlawful arrest, assault, false imprisonment and negligence, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Feiden, J.), entered June 19, 1980, as dismissed the first, second, third and fourth causes of action of his complaint, upon a directed verdict, after a jury trial limited to the issue of liability only. Judgment modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision dismissing the first, third and fourth causes of action. As so modified, judgment affirmed insofar as appealed from, the first, third and fourth causes of action are reinstated and a new trial is granted with respect thereto, with costs to abide the event. The city concedes that there should be a new trial of the unlawful arrest cause of action because of the court's refusal to charge, as requested, that the burden of proof was on the city to prove the affirmative defense of justification for the warrantless arrest of plaintiff (see *Broughton v State of New York,* 37 NY2d 451, 458, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929; *Budgar v State of New York,* 98 Misc 2d 588, 591). Reversal of the dismissal of the assault charges is also required because of the confusing and inadequate charge to the jury and special verdict interrogatories (see *Miocic v Winters,* 66 AD2d 770; *Silva v Penn Cent. Transp. Co.,* 79 AD2d 632). We have not reinstated the second cause of action because a claim for punitive damages does not constitute a separate cause of action for pleading purposes (see *Schwed v Turoff,* 73 AD2d 615). Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.