■ LINDA BLUMENSTOCK, Individually and as Administratrix of the Estate of ROGER BLUMENSTOCK, Deceased, Respondent, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant. — In a wrongful death action, defendant General Motors Corporation appeals from so much of an order of the Supreme Court, Queens County (Lakritz, J.), dated July 8, 1981, as denied its motion to preclude the plaintiff from introducing evidence concerning Item Nos. 9 (a-c), 10, 11, 12 (a-b), 13 and 14 of its demand for a bill of particulars, or, in the alternative, to require the plaintiff to serve a further bill of particulars. Order modified by deleting the provision which denied appellant's motion as to Item Nos. 9 (a-c), 10, 11, and 12 (a-b), and substituting a provision granting the motion to the extent of requiring the plaintiff to serve a further bill of particulars as to said items. As so modified, order affirmed, insofar as appealed from, with $50 costs and disbursements to appellant. Plaintiff's time to serve the further bill is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Plaintiff alleges that the vehicle in which her husband died after a one-vehicle accident was, *inter alia,* negligently manufactured and defectively designed. We have reviewed appellant's demands and the plaintiff's responses in her bill of particulars and we conclude that the above-numbered responses are conclusory and lack specificity as to alleged defects in material, manufacture and design. The bill of particulars should thus be supplemented as to those demands. We are also

concerned by the fact that unidentified parts which were allegedly defective have been lost, presumably by plaintiff's expert. This makes further specifications in the bill of particulars especially appropriate. We thus modify to the extent herein indicated, even though the denial of the motion as to the items concerning the lost parts was without prejudice to renewal once examinations before trial had been completed. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.