■ JOHN GARGANO et al., Plaintiffs, v MAX ROSENTHAL et al., Defendants and Third-Party Plaintiffs-Respondents. FORD MOTOR COMPANY, Third-Party Defendant-Appellant. (Action No. 1.) JOHN GARGANO et al., Respondents, v FORD MOTOR COMPANY, Appellant. (Action No. 2.) — In an action to recover damages, *inter alia,* for negligence, breach of warranty and strict products liability, the Ford Motor Company (hereinafter Ford), third-party defendant in action No. 1 and defendant in action No. 2, appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated July 8, 1983, which denied its motion for an order unconditionally precluding the defendants third-party plaintiffs in action No. 1 (hereinafter defendants third-party plaintiffs) from introducing evidence concerning items No. 4 (a) through (f) and 5 of its demand for a bill of particulars, and unconditionally precluding the plaintiffs in action No. 2 (hereinafter plaintiffs) from introducing evidence concerning items No. 12 through 20 of its demand for a bill of particulars. ¶ Order modified, on the law, by adding to the first decretal paragraph thereof after the words "bill of particulars is", the words "granted to the extent that the defendants third-party plaintiffs may not introduce direct evidence of the alleged specific defect, and is otherwise"; and by adding to the second decretal paragraph thereof after the words "bill of particulars is", the words "granted to the extent that the plaintiffs may not introduce direct evidence of the alleged specific defect, and is otherwise". As so modified, order affirmed, without costs or disbursements. ¶ Since both the defendants third-party plaintiffs in action No. 1 and the plaintiffs in action No. 2 failed to move for an order vacating or modifying Ford's demands for particulars (CPLR 3042, subd [a]), the demands must be deemed valid unless palpably improper (*Ritschl v Village of Highland Falls,* 92 AD2d 586; *Bergman v General Motors Corp.,* 74 AD2d 886). We do not find the items of Ford's demand to have been palpably improper, and it was therefore incumbent upon the defendants third-party plaintiffs and the plaintiffs to answer with the specificity demanded (*Bergman v General Motors Corp., supra*). ¶ The defendants third-party plaintiffs' supplemental bill of particulars was not fully responsive to Ford's demand for specific information regarding the alleged manufacturing and design defects in its product. Although the defendants third-party plaintiffs did not merely reiterate the conclusory responses contained in their earlier bills of particulars, their latest "further bill of particulars" merely listed certain component parts of the transmission and labeled each of such listed parts as having been defective. The "further bill of particulars" of the defendants third-party plaintiffs failed to describe the nature of the defect, or how it operated to cause the accident, and it was therefore overbroad and conclusory (see *Blumenstock v General Motors Corp.,* 88 AD2d 607; *Bergman v General Motors Corp.,* 74 AD2d 886, *supra; Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617). Since the defendants third-party plaintiffs have been given an adequate opportunity to acquire through disclosure proceedings the facts necessary to serve an adequate supplemental bill of particulars, they should now be precluded from offering evidence at trial of the specific

defect (*De Vincent v Porsche-Audi Manhattan*, 84 AD2d 572). ¶ Similarly, the plaintiffs must be precluded from introducing at trial evidence of a specific defect. In response to Ford's demands for particulars, the plaintiffs asserted that they lacked present knowledge regarding the alleged negligence and manufacturing and design defects, and that they would provide a supplemental bill containing such information when and if it was acquired. The plaintiffs thereafter served and filed their note of issue and certificate of readiness without supplying any additional or more specific particulars. Having asserted that they were not presently in possession of the information sought, the plaintiffs were entitled to an opportunity to obtain it through disclosure proceedings. The plaintiffs received such an opportunity, but chose instead to place the action on the Trial Calendar without furnishing the information demanded. The plaintiffs must therefore be precluded from offering direct evidence of the alleged specific defect (*De Vincent v Porsche-Audi Manhattan*, 84 AD2d 572, *supra*). ¶ Nevertheless, the plaintiffs and the defendants third-party plaintiffs may attempt to establish their causes of action against Ford through circumstantial evidence, by showing that the vehicle's transmission and gearshift did not perform as intended and by excluding all causes of the accident not attributable to their conduct (*Halloran v Virginia Chems.*, 41 NY2d 386, 388; *Codling v Paglia*, 32 NY2d 330, 337-338). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.