■ JUDITH A. MANZO, Appellant, v WILLIAM J. NEALON III, Respondent. [795 NYS2d 769]—

Carpinello, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 1, 2004 in Warren County, which, inter alia, granted defendant's motion to preclude plaintiff from offering any evidence as to certain issues raised in her bill of particulars.

In this action essentially sounding in legal malpractice, three different Supreme Court Justices have endeavored to compel plaintiff's counsel to timely and properly frame her answers to defendant's demand for a bill of particulars. Presently at issue is the latest such decision wherein Supreme Court precluded plaintiff from offering any proof concerning two particular demands and ordered her to file a responsive third amended bill of particulars within a specified time period and with the assistance of a particular attorney for all other demands. Even assuming that certain contentions raised by plaintiff on appeal are not rendered moot by the filing of a third amended bill of particulars, we find no abuse of discretion by Supreme Court and thus affirm.

First, Supreme Court correctly found that plaintiff's second amended bill of particulars was both inartful and nonresponsive. While the court could have fashioned a far more drastic remedy, namely, a final order of preclusion (*see Miccarelli v Fleiss,* 219 AD2d 469, 470 [1995]; *see also Woolard v Suffolk*

*County Water Auth.,* 16 AD3d 582 [2005]), it charitably gave plaintiff yet another opportunity to remedy these defects. Moreover, its related directive that plaintiff's counsel obtain the assistance of another attorney in so responding was a sound exercise of its discretion under the circumstances. As to the court's decision to preclude evidence concerning two particular demands, we again find no abuse of discretion since plaintiff clearly failed to comply with a prior court order requiring her to respond to them (*see* CPLR 3042 [d]; 3126 [2]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.