Salcedo v MTA-New York City Tr. (2023 NY Slip Op 03029)

Salcedo v MTA-New York City Tr.

2023 NY Slip Op 03029

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02579
 (Index No. 3/16)

[*1]Frank Salcedo, et al., appellants,
v
MTA-New York City Transit, et al., respondents.

Helen F. Dalton and Associates P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellants.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 31, 2021. The order, insofar as appealed from, granted those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Frank Salcedo and Yamieli Paniagua on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the appeal by the plaintiffs E.I. and C.M. is dismissed, as those plaintiffs are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiffs Frank Salcedo and Yamieli Paniagua, on the law, and those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Frank Salcedo and Yamieli Paniagua are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs Frank Salcedo and Yamieli Paniagua.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The plaintiffs moved for summary judgment on the issue of liability. The defendants opposed the plaintiffs' motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Frank Salcedo and Yamieli Paniagua on the ground that they did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated March 31, 2021, the Supreme Court, among other things, granted those branches of the defendants' cross-motion. Salcedo and Paniagua appeal.
The defendants failed to meet their prima facie burden of showing that Salcedo and [*2]Paniagua did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Salcedo and Paniagua did not sustain a serious psychological or emotional injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their medical evidence failed to address the plaintiffs' allegation that Salcedo and Paniagua suffered, inter alia, from posttraumatic stress disorder and postconcussion syndrome as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d at 350; Haque v City of New York, 97 AD3d 636, 636; Safer v Silbersweig, 70 AD3d 921, 922; Hughes v Cai, 31 AD3d 385). Since the defendants failed to meet their prima facie burden, it is not necessary to address the sufficiency of the plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court