Nahshal v Chait (2025 NY Slip Op 50225(U))

[*1]

Nahshal v Chait

2025 NY Slip Op 50225(U)

Decided on February 21, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2025
Supreme Court, Kings County

Naji Nahshal AND "QN," an infant under the age of 18 years old, by his father and natural guardian, NAJI NAHSHAL, and NAJI NAHSHAL, individually, Plaintiffs,

against
Dina Chait, Defendant.

Index No. 512051/2019

Louis C. Fiabane, New York City (Reza Islam of counsel), for Plaintiff Naji Nahshal.
Law Office of Joseph C. Sette & Associates, Brooklyn (Christopher Amato of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Nos. 87-94 (submitted by Defendant); 97-102 (submitted by Plaintiff Naji Nahshal).
Introduction
Plaintiff Naji Nahshal ("Plaintiff") asserts in this action that on July 14, 2026, while he was operating his vehicle, he sustained personal injuries in a motor vehicle accident, negligently caused by Defendant Dina Chait ("Defendant"), who operated another vehicle.
Defendant moves for summary judgment dismissing Plaintiff's complaint upon the asserted ground that Plaintiff failed to sustain a serious injury as per Insurance Law § 5102 (d), as required by Insurance Law § 5104 (a). The latter provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss (Insurance Law § 5104 [a]). " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent [*2]consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). A moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that the plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
If a moving defendant has made a showing that the plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to the plaintiff to submit evidence in admissible form sufficient to show that there exists a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]).
Bill of Particulars
On her motion, Defendant included a copy of Plaintiff's bill of particulars as an exhibit (see NYSCEF Doc No. 91). It alleged in paragraph 10 as follows with respect to serious injury:
Furthermore, That as a direct result of said accident, plaintiff sustained a permanent loss or loss of use of a body organ, member, function and/or system; a significant disfigurement and/or dismemberment; an injury that results in a fracture; an injury resulting in death; a significant limitation of use of a body function and/or system; a permanent consequential limitation of use of a body organ and/or member; a medically determined injury or impairment of a non-permanent nature that prevented plaintiff from performing substantially all of the material acts that constituted plaintiff's usual and customary daily activities for not less than ninety days during one hundred eighty days immediately following the accident. (NYSCEF Doc No. 91, bill of particulars, ¶ 10.)
The cervical spine, lumbar spine, left shoulder, and left foot were identified as the particular body parts which Plaintiff claimed were injured as a result of the accident, as per paragraph 7 of the bill of particulars (see id. ¶ 7). "In addition, the plaintiff will claim psychological and emotional injuries which have been, are being, or will be suffered in the future as a direct result of the aforementioned injuries consisting, more particularly, of the following; Extreme emotional distress, nervousness, tension, anxiety, fear, embarrassment, humiliation and [*3]frustration as a result of plaintiff's constant severe pain and discomfort. . ." (id.).
Discussion
In moving for summary judgment, Defendant relies in part on Dr. Thomas Nipper's affirmed orthopedic independent medical examination ("IME") report of June 13, 2024. His IME report constituted the only expert medical opinion evidence offered by Defendant. Among the findings by Dr. Nipper on page 3 of his report were the following:

Body Part

Movement

Degrees on Movement

Normal Degrees

Resulting Percentage Limitation

Cervical spine

Left lateral bending

25

45

44%

Left rotation

40

60

33%

Lumbar spine

Extension

20

30

33%

Left rotation

20

30

33%

Left lateral bending

20

30

33%

A 20% reduction in a movement raises a triable issue of serious injury (see Dufel v Green, 84 NY2d 795 [1995] [jury can find significant limitation or permanent consequential limitation with 20% loss of use]; Kholdarov v Hyman, 165 AD3d 1087 [2d Dept 2018] [cervical flexion]). Here, the recordation of reductions of reduced ranges of motion in Plaintiff's cervical and lumbar spine areas exceeded the 25% reduction in lumbar range of motion found by defendant's expert in Gentile v Snook (20 AD3d 389 [2d Dept 2005]), where the court held that "the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury from the subject accident" (id. at 389; see Tchevskaia v Chase, 15 AD3d 389 [2d Dept 2005] ["affirmation of the defendants' examining orthopedist discloses that the orthopedist actually recorded limitations in the plaintiff's ranges of motion"]). In Curiale v Delfavero (211 AD3d 905 [2d Dept 2022]), it was held, "The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as the defendant's expert found significant limitations in the range of motion of these body parts.
Moreover, according to Dr. Nipper, "[T]he above diagnoses of cervical and lumbar sprains appear to be related to the date of injury of 7/14/16" (NYSCEF Doc No. 92 at 4). He [*4]concluded that Plaintiff had a "mild 25% orthopedic disability" (see id.). It is noted again that a 20% reduction in a movement raises a triable issue of serious injury (see Dufel v Green, 84 NY2d 79).
The significant limitation category of serious injury requires a duration which need not be continuing up to the present time (see Strong v Sigman, 224 AD3d 932 [2d Dept 2024]; Estrella v GEICO Ins. Co., 102 AD3d 730 [2d Dept 2013]). At least, up until June 13, 2024, as documented by Dr. Nipper, Plaintiff had sustained significant limitations in body functions or a system proximately resulting from the July 14, 2016 motor vehicle accident.
Additionally, if a defendant's medical expert does not address all body parts claimed to have been injured, as set forth in the bill of particulars, then the defendant has failed to make out a prima facie case in support of its contention that the plaintiff did not sustain a serious injury (see Bright v Moussa, 72 AD3d 859 [2d Dept 2010]; Encarnacion v Smith, 70 AD3d 628 [2d Dept 2010]; Takaroff v A.M. USA, Inc., 63 AD3d 1142 [2d Dept 2009]; Jensen v Nicmanda Trucking, Inc., 47 AD3d 769 [2d Dept 2008]). Dr. Nipper did not examine Plaintiff's left shoulder and left foot, claimed in the bill of particulars to have been injured (see NYSCEF Doc Nos. 91 ¶ 7; 92). Neither did he discuss the psychological injuries allegedly sustained by Plaintiff, which alone would denude Defendant of a prima facie case in support of her motion (see Salcedo v MTA-New York City Tr., 217 AD3d 698 [2d Dept 2023]; Haque v City of New York, 97 AD3d 636 [2d Dept 2012]; Krayn v Torella, 40 AD3d 588 [2d Dept 2007]).
Defendant, having failed to make out a prima facie case that Plaintiff did not sustain a significant limitation of a body function or system proximately caused by the motor vehicle accident at issue, it cannot be said that Plaintiff failed to establish a serious injury as a matter of law. Said Defendant's failure to make out the necessary prima facie case requires denial of her motion, regardless of the sufficiency of the opposing papers submitted by Plaintiff (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]). Consequently, the Court need not determine whether defendants ruled out any other categories of serious injury claimed by Plaintiff, and Defendant's motion must be denied (see Linton v Nawaz, 14 NY3d 821 [2010]; Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Detoma v Dobson, 214 AD3d 949 [2d Dept 2023]; Curiale v Delfavero, 211 AD3d 905; O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).
Sanctions
This Court reviews motion papers in advance (see Matter of Court's Discharge of its Responsibilities Pursuant to 22 NYCRR 100.3 (D) (2), (3), 80 Misc 3d 813, 814 [Sup Ct, Kings County 2023]). In reviewing the within motion papers, the first document which was reviewed was the bill of particulars to ascertain the serious injury categories claimed and the body parts asserted to have been injured. The Court observed that death, significant disfigurement, fracture, dismemberment, and permanent loss of use of a body organ, member, function or system were claimed in order to satisfy the serious injury threshold; this was in addition to "permanent consequential limitation," "significant limitation," and "90/180." In expending time reading through the papers, it became evident that Plaintiff's claiming five categories of serious injury — death, significant disfigurement, fracture, dismemberment, and permanent loss of use of a body organ, member, function or system — was a sham. A permanent loss of use of a body organ, [*5]member, function or system entails total loss of use of a body part (see Oberly v Bangs Ambulance, Inc., 96 NY2d 295 (2001). It is evident from review of all the papers that Plaintiff did not sustain total loss of use of any body part as a result of the subject accident. Neither is there any evidence in the motion record that Plaintiff sustained significant disfigurement, a fracture, or dismemberment. He certainly did not sustain death as a result of the accident, as demonstrated by Dr. Nipper examining him alive on June 13, 2024.
During oral argument, the Court offered Plaintiff's counsel an opportunity to explain why eight serious injury categories — all categories set forth in the statute except for loss of a fetus — were claimed. Counsel described what transpired as an "error" and an "oversight." The Court does not accept counsel's explanation. Clearly, eight serious injury categories were claimed.
To list eight categories, most of which were not applicable, indicates that counsel representing Plaintiff provided an insincere response to the demand for a bill of particulars, equivalent to providing no response. Pleading the specific categories claimed to support an allegation of serious injury in a motor vehicle accident is not a pro forma matter. Counsel needs to assess which categories indeed are relevant. A request for a bill of particulars should be taken seriously (see M&T Bank v Friedmann, 217 AD3d 934 [2d Dept 2023]; Manzo v Nealon, 18 AD3d 1043 [3d Dept 2005]; Brown v Bazin, 121 AD2d 422 [2d Dept 1986]; Gargano v Rosenthal, 100 AD2d 534 [2d Dept 1984]). Clearly, counsel for Plaintiff did not do so.
A Court should not have to expend time reviewing a bill of particulars, only to ascertain that an assertion therein is completely frivolous. "[T]he court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart" (22 NYCRR 130-1.1 [a]). Conduct is frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (id. at [c] [1]), or "it asserts material factual statements that are false" (id. at [c] [3]). A court may sua sponte impose sanctions against a law firm provided an opportunity to be heard is offered (see Kamen v Diaz-Kamen, 40 AD3d 937 [2d Dept 2007]). Here, counsel appearing on the motion attempted to explain the listing of eight categories of serious injury being claimed but the Court does not accept the explanation. Claiming that Plaintiff sustained a serious injury as defined by categories clearly not relevant was completely without merit in law and false.
A New York State Supreme Court Justice's salary is $232,600. Dividing that by the approximate 250 work days in a year yields a quotient of $930 per work day. Then dividing $930 by eight hours yields a quotient of $116. The Court spent more than one hour reviewing the papers for this motion. A sanction in the sum of $100 is imposed against Louis C. Fiabane, Esq., counsel for Plaintiff, payable to the New York State Lawyers' Fund for Client Protection.
Conclusion
IT IS HEREBY ORDERED that Defendant's motion for summary judgment dismissing Plaintiff's complaint on the asserted ground that Plaintiff failed to sustain a serious injury in the subject motor vehicle accident is DENIED.
IT IS HEREBY FURTHER ORDERED that a sanction in the sum of $100 is imposed against ouis C. Fiabane, Esq., counsel for Plaintiff, payable to the New York State Lawyers' Fund for Client Protection.