Berthold v Williams (2025 NY Slip Op 50331(U))

[*1]

Berthold v Williams

2025 NY Slip Op 50331(U)

Decided on March 15, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2025
Supreme Court, Kings County

John Berthold, Plaintiff,

against
Brandon E. Williams, TRK Transportation Corp., Yvonne Miller and John Doe, said name being fictitious and intending to be the driver of Yvonne Miller's Vehicle, Defendants.

Index No. 508768/2023

Louis C. Fiabane, New York City (Nancy Tang of counsel), for plaintiff.
Baker, McEvoy & Moskovits, Freeport (Anand Venigalla of counsel), for defendants Brandon E. Williams and TRK Transportation Corp.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendants Brandon E. Williams and TRK Transportation Corp. in Support of Motion
NYSCEF Doc Nos. 29-37
Submitted by Plaintiff in Opposition
NYSCEF Doc Nos. 43-48
Introduction
Plaintiff John Berthold commenced this action seeking to recover for personal injuries allegedly sustained in a motor vehicle accident on July 3, 2021, when the parked vehicle he was in was contacted by two other vehicles. The two other vehicles were owned by defendants TRK Transportation Corp. and Yvonne Miller and operated respectively by defendants Brandon E. Williams and John Doe (see generally NYSCEF Doc No. 1, complaint).
Defendants Brandon E. Williams and TRK Transportation Corp. now move for summary judgment dismissing plaintiff's complaint on the asserted ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d), as required by Insurance Law § 5104 (a). The latter provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of [*2]negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss" (Insurance Law § 5104 [a]). " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (id. § 5102 [d]). The last category is known as "90/180."
Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). "The courts [are] responsible for vetting serious injury automobile cases by application of basic summary judgment principles to avoid unnecessary jury trials where the injury is clearly minor" (Van Nostrand v Froehlich, 44 AD3d 54, 60 [2d Dept 2007]). A moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that a plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]).
If the moving defendant has made such a showing that a plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to the plaintiff to submit evidence in admissible form sufficient to create a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]; Grossman v Wright, 268 AD2d 79, 84 [2d Dept 2000]). On the other hand, a failure by the moving defendant to make a showing that a plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In plaintiff's bill of particulars, he alleged injuries to the cervical spine, thoracic spine, lumbar spine, and left shoulder, as well as "[e]xtreme emotional distress, nervousness, tension, anxiety, fear, embarrassment, humiliation and frustration. . ." (NYSCEF Doc No. 34, bill of particulars ¶ 10).
The categories of serious injury claimed by plaintiff were set forth as the following: "That as a direct result of said accident, plaintiff sustained a permanent loss or loss of use of a body organ, member, function and/or system; a significant disfigurement and/or dismemberment; an injury that results in a fracture; an injury resulting in death; a significant limitation of use of a body function and/or system; a permanent consequential limitation of use of a body organ and/or member; a medically determined injury or impairment of a non-[*3]permanent nature that prevented plaintiff from performing substantially all of the material acts which constituted plaintiff's usual and customary daily activities for not less than ninety days during one hundred eighty days immediately following the accident" (id. ¶ 20).
In moving for summary judgment, moving defendants relied in part on two medical experts. In an affirmed independent medical examination (IME) report, Dr. Pierce J. Ferriter described his examination of plaintiff on May 23, 2024. Dr. Ferriter, a Board certified orthopedic surgeon, examined plaintiff's cervical spine, thoracic spine, lumbar spine, and left shoulder. Performing range of motion testing and other provocative orthopedic testing, Dr. Ferriter opined that all injuries to the examined body parts had resolved. "Today's examination indicates that the injured body parts alleged in the Bill of Particulars have resolved. The claimant did not sustain any significant or permanent injury as a result of the motor vehicle accident on 07/03/2021. There are no objective clinical findings indicative of a present disability, and functional impairment, which prevents the examinee from engaging in ADL, and usual activities including work, school, and hobbies. The claimant is able to return to full duty work without restrictions." (NYSCEF Doc No. 35 at 4).
Defendant also relied on affirmed MRI reviews performed by Dr. Michael Setton, a Board certified radiologist. He reviewed July 2021 MRI imaging of plaintiff's cervical spine, thoracic spine, lumbar spine, and left shoulder. In the spine areas, while there were disc herniations and bulges, Dr. Setton opined that no traumatic damage had taken place. Likewise with respect to the left shoulder, there was mild to moderate tendinosis with an intermediate grade articular tear. However, there was nothing to suggest any type of recent traumatic injury.
This Court notes that that in the Second Department, case law has developed to the point that in moving for summary judgment to dismiss a complaint in a motor vehicle accident case based on the asserted lack of serious injury proximately resulting from the subject accident on the part of a plaintiff, the defendant bears the burden of submitting expert medical opinion evidence concerning all injuries claimed by the plaintiff to have sustained from the subject motor vehicle accident. A defendant can attempt to establish that claimed injuries did not proximately result from the motor vehicle accident but rather were of another etiology, such as degenerative changes or a different accident, and, therefore, the plaintiff did not sustain a serious injury; usually a defendant submits MRI reviews from a radiologist. A defendant can also attempt to establish that whatever injuries may have been sustained did not rise to the level of "serious injury" and, for this type of argument, usually a defendant submits an IME report (see Staff v Yshua, 59 AD3d 180 [2d Dept 2009]).
Either way, where a defendant relies on expert medical evidence to establish lack of serious injury, whether because claimed injuries were of another etiology or because they did reach the status of "serious injury," the defendant's medical expert or experts — be they examining physicians or radiologists reviewing diagnostic films — must rule out serious injury with respect to each and injury claimed in the bill of particulars to have been sustained. Analytically this makes sense because the defendant bears a burden of establishing the complete absence of a triable issue of fact as to serious injury on the part of the plaintiff. The only way to establish this is to rule out that each injury claimed in the bill of particulars met the threshold of "serious injury."
This is reflected in extensive case law which has held that defendants failed to meet their prima facie burden for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) where there is a failure to address [*4]particular body parts claimed in the bill of particulars to have been injured:
• Rosales v Rivera (176 AD3d 753 [2d Dept 2019] [head])
• Adams v Dura Cab Corp. (152 AD3d 634 [2d Dept 2017] [head])
• Robinson v Lawrence (99 AD3d 980 [2d Dept 2012] [failure to address right knee])
• Safer v Silbersweig (70 AD3d 921 [2d Dept 2010] [examining orthopedic surgeon failed to address brain])
• Encarnacion v Smith (70 AD3d 628, 629 [2d Dept 2010] [radiologist did not deal with parts other than cervical and lumbar spine regions])
• Menezes v Khan (67 AD3d 654 [2d Dept 2009] [radiologist did not address bilateral shoulders and knees])
• Takaroff v A.M. USA, Inc. (63 AD3d 1142 [2d Dept 2009] [radiologist did not address cervical spine and right shoulder])
• Rahman v Sarpaz (62 AD3d 979 [2d Dept 2009] [radiologist did not address left knee])
• Delayhaye v Caledonia Limo & Car Serv., Inc. (61 AD3d 814 [2d Dept 2009] [radiologist did not address cervical spine])
• Joseph v Hampton (48 AD3d 638 [2d Dept 2008] [neither physician examined right knee])
• Jensen v Nicmanda Trucking, Inc. (47 AD3d 769 [2d Dept 2008] [radiologist did not address bilateral shoulders])
• Gerson v C.L.S. Transp., Inc. (37 AD3d 530 [2d Dept 2007] [neither physician addressed claim of injury other than lumbar spine])
• Rodriguez v J&K Taxi, Inc. (12 AD3d 434 [2d Dept 2004] [examining physician did not examine left shoulder])
• Villavicencio v Mieles (7 AD3d 517 [2d Dept 2004] [left knee not examined])
• Morales v New York City Tr. Auth. (287 AD2d 604 [2d Dept 2001] [neurologist did not examine left shoulder])
• Meyer v Gallardo (260 AD2d 556 [2d Dept 1999] [left shoulder not addressed])
• Minori v Hernandez (239 AD2d 322 [2d Dept 1997] [ankle not examined])
More specific to the action at bar, it is noted that "serious injury" encompasses injuries of a psychological nature (see Chapman v Capoccia, 283 AD2d 798 [3d Dept 2001] [defendant law firm committed malpractice by not commencing personal injury action, as psychological injuries can be serious injury]; Quaglio v Tomaselli, 99 AD2d 487 [2d Dept 1984] [court failed to charge serious injury to jury where plaintiff's psychiatrist testified as to postconcussion syndrome, PTSD, and depression neurosis]).
A defendant fails to make out a prima facie case in support of summary judgment dismissing the complaint on the asserted lack of a serious injury where it fails to address the plaintiff's claimed psychological injuries (see Salcedo v MTA-New York City Transit, 217 AD3d 698 [2d Dept 2023]; Haque v City of New York, 97 AD3d 636 [2d Dept 2012]; Krayn v Torella, 40 AD3d 588 [2d Dept 2007]).
Here, between them, Drs. Ferriter and Setton offered expert medical opinions concerning plaintiff's cervical spine, thoracic spine, lumbar spine, and left shoulder — either that plaintiff had not sustained any significant or permanent injury or that claimed injuries were not of recent traumatic injury — but did not opine with respect to plaintiff's alleged extreme emotional distress, nervousness, tension, anxiety, fear, embarrassment, humiliation, and frustration. In the absence [*5]of proffered expert opinion evidence regarding these injuries claimed in the plaintiff's bill of particulars, moving defendants failed to establish a prima facie case in support of its summary judgment motion to dismiss the complaint on the ground that plaintiff failed to sustain a serious injury (see Salcedo v MTA-New York City Transit, 217 AD3d 698; Haque v City of New York, 97 AD3d 636; Krayn v Torella, 40 AD3d 588). At a minimum, there exist triable issues of fact regarding the significant limitation and permanent consequential limitation categories of serious injury insofar as they pertain to alleged psychological injuries.
Since the burden of establishing a material issue of fact did not shift to plaintiff, because moving defendants did not make out a prima facie case of no material issue of fact, the sufficiency of plaintiff's opposing papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]). Further, the Court need not determine whether defendants ruled out any other categories of serious injury claimed by plaintiff (such as 90/180),[FN1]
defendants' motion must be denied, and plaintiff may recover at trial for all injuries sustained in the accident (see Linton v Nawaz, 14 NY3d 821 [2010]; Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Detoma v Dobson, 214 AD3d 949 [2d Dept 2023]; Curiale v Delfavero, 211 AD3d 905; O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).
Sanctions
This Court reviews motion papers in advance (see Matter of Court's Discharge of its Responsibilities Pursuant to 22 NYCRR 100.3 (D) (2), (3), 80 Misc 3d 813, 814 [Sup Ct, Kings County 2023]). In reviewing the within motion papers, the first document which was reviewed was the bill of particulars in order to ascertain the serious injury categories and particular injuries claimed. The Court observed that death, significant disfigurement, fracture, dismemberment, and permanent loss of use of a body organ, member, function or system were claimed in order to satisfy the serious injury threshold; this was in addition to "permanent consequential limitation," "significant limitation," and "90/180." In expending time reading through the papers, it became evident that Plaintiff's claiming five categories of serious injury — death, significant disfigurement, fracture, dismemberment, and permanent loss of use of a body organ, member, function or system — was a sham. A permanent loss of use of a body organ, member, function or system entails total loss of use of a body part (see Oberly v Bangs Ambulance, Inc., 96 NY2d 295 (2001). It is evident from review of all the papers that Plaintiff did not sustain total loss of use of any body part as a result of the subject accident; even if plaintiff's claims are true as to reductions in use of certain body parts there was no complete loss of use. Neither is there any evidence in the motion record that Plaintiff sustained significant disfigurement, a fracture, or dismemberment. Dr. Ferriter did not note any disfigurement and Dr. Setton did not find any fractures when reviewing the MRIs. Dismemberment is defined as "[t]he cutting off of a limb or body part" (Black's Law Dictionary [12th ed 2024]). No body parts of plaintiff were cut off.
Plaintiff certainly did not sustain death as a result of the accident, as demonstrated by Dr. Ferriter examining him alive on May 23, 2024.
During oral argument, the Court informed plaintiff's counsel that sanctions were being [*6]contemplated for asserting clearly inapplicable categories of serious injury and offered her an opportunity to explain why this transpired. Counsel, who was a per diem attorney appearing for the attorney of record, mentioned that an amended bill of particulars was filed the day before (March 13, 2025) by the attorney of record — that the serious injury categories claimed were now limited to permanent consequential limitation, significant limitation and 90/180. The Court acknowledges that two amended bills of particulars were filed on March 13, 2025, one at 9:38 a.m. and the other at 4:25 p.m. (see NYSCEF Doc Nos. 51, 52). The first one still included permanent loss or loss of use of a body organ, member, function and/or system, and the second deleted it, leaving only the significant limitation, permanent consequential limitation, and 90/180 categories. However, this does not vitiate the fact that when the motion papers were reviewed by the Court, the bill of particulars in the record included the categories of death, significant disfigurement, fracture, dismemberment, and permanent loss of use of a body organ, member, function or system. Moreover, the amended bills of particulars were not linked to the within Motion Sequence No. 2. Counsel who appeared failed to provide a reasonable explanation why the original bill of particulars (which moving defendants included in their papers) claimed categories of serious injury which clearly were not applicable.
To list eight categories, most of which were not applicable, indicates that plaintiff's counsel provided an insincere response to the demand for a bill of particulars, equivalent to providing no response. Pleading the specific categories claimed to support an allegation of serious injury in a motor vehicle accident is not a pro forma matter. Counsel needs to assess which categories indeed are relevant. A request for a bill of particulars should be taken seriously (see M&T Bank v Friedmann, 217 AD3d 934 [2d Dept 2023]; Manzo v Nealon, 18 AD3d 1043 [3d Dept 2005]; Brown v Bazin, 121 AD2d 422 [2d Dept 1986]; Gargano v Rosenthal, 100 AD2d 534 [2d Dept 1984]). Clearly, the attorney of record for plaintiff did not do so.
A Court should not have to expend time reviewing a bill of particulars, only to ascertain that an assertion therein is completely frivolous. "[T]he court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart" (22 NYCRR 130-1.1 [a]). Conduct is frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (id. at [c] [1]), or "it asserts material factual statements that are false" (id. at [c] [3]). A court may sua sponte impose sanctions against a law firm provided an opportunity to be heard is offered (see Kamen v Diaz-Kamen, 40 AD3d 937 [2d Dept 2007]). Here, counsel appearing on the motion attempted to explain the listing of five categories of serious injury being claimed which were clearly inapplicable — death; dismemberment; significant disfigurement; a fracture; loss of a fetus; and permanent loss of use of a body organ, member, function or system — but the Court does not accept the explanation. Falsely claiming that plaintiff sustained a serious injury as defined by categories clearly not applicable constitutes engaging in conduct completely without merit in law.
A New York State Supreme Court Justice's salary is $232,600. Dividing that by the approximate 250 work days in a year yields a quotient of $930 per work day. Then, dividing $930 by eight hours yields a quotient of $116. The Court spent at least one hour reviewing the papers for this motion. A sanction in the sum of $100 is imposed against Louis C. Fiabane, Esq., counsel for Plaintiff, payable to the New York State Lawyers' Fund for Client Protection.
Conclusion
IT IS HEREBY ORDERED that the motion of defendants Brandon E. Williams and TRK Transportation Corp. for summary judgment dismissing plaintiff's complaint on the asserted ground that he failed to sustain a serious injury from the subject motor vehicle accident is DENIED; plaintiff may recover at trial for all injuries sustained in the subject motor vehicle accident.
IT IS HEREBY FURTHER ORDERED that a sanction in the sum of $100 is imposed against Louis C. Fiabane, Esq., counsel for plaintiff, payable to the New York State Lawyers' Fund for Client Protection.

Footnotes

Footnote 1:As discussed in the sanctions portion of this decision and order, plaintiff did not sustain death, dismemberment, significant disfigurement, fracture, or permanent loss of use.