Fluker v DeFalco's Serv. Ctr. of Edison, Inc. (2025 NY Slip Op 25220)

[*1]

Fluker v DeFalco's Serv. Ctr. of Edison, Inc.

2025 NY Slip Op 25220

Decided on October 6, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 6, 2025
Supreme Court, Kings County

Tykeem T. Fluker, Plaintiff,

against
DeFalco's Service Center of Edison, Inc., et al., Defendants.

Index No. 517144/2023

The Chernyy Law Office, P.C., Brooklyn (Borislav Chernyy of counsel), for plaintiff.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York City (Olivia Mao of counsel), for defendants.

Aaron D. Maslow, J.

Background
This decision and order concerns a hearing in which the Court considered sanctions against Plaintiff's attorneys.
This action was commenced by Plaintiff Tykeem T. Fluker, alleging that he sustained personal injuries in a motor vehicle accident on September 29, 2022, due to the negligence of Defendants. Defendants moved on June 5, 2025 for summary judgment dismissing the complaint upon the asserted ground that Plaintiff failed to sustain a serious injury as defined in Insurance Law § 5102 (d).
Insurance Law § 5104 (a) provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss (Insurance Law § 5104 [a]).
Serious injury is defined in Insurance Law § 5102 [d]):
"Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.
A moving defendant on a motion for summary judgment on serious injury bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that the plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]). This means that in the context of a defendant's motion for summary judgment predicated on the lack of serious injury, it is the burden of the defendant to rule out prima facie the categories of serious injury claimed by the defendant in his bill of particulars. CPLR 3043 (a) (6) requires that a plaintiff set forth in a bill of particulars "in what respect plaintiff has sustained a serious injury, as defined in subsection (d) of section five thousand one hundred two of the insurance law." In fact, if any of the claimed categories are not eliminated prima facie by the defendant, the motion must be denied and the plaintiff is permitted to pursue any and all injuries at trial, while needing to prove at the trial serious injury in the form of at least one serious injury category (see Diaz v Nightingale Bakery & Beverage Distrib., Inc., — AD3d —, 2025 NY Slip Op 04630 [2d Dept 2025]; Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]; O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).
This Court reviews motion papers in advance (see Matter of Court's Discharge of its Responsibilities Pursuant to 22 NYCRR 100.3 (D) (2), (3), 80 Misc 3d 813, 814 [Sup Ct, Kings County 2023]). In reviewing the within motion papers, the first document which was reviewed was the bill of particulars to ascertain the serious injury categories claimed and the body parts asserted to have been injured.

Bill of Particulars
Plaintiff's bill of particulars listed all nine categories of serious injury:
Plaintiff sustained a "serious injury" which means a personal injury which resulted in death; dismemberment, significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organs, member function or system; permanent consequential limitation of use of a body organs or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customarily daily activities for not less than [*2]ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment (NYSCEF Doc No. 35 & 4).
The Court noted that death was claimed as a serious injury category. However, on August 6, 2024, Dr. Jeffrey Passick examined Plaintiff at an independent medical examination (IME). Realizing that a claim of death was inaccurate, the Court then noticed that dismemberment, significant disfigurement, and fracture were also claimed, but a perusal of Dr. Passick's IME report and other medical evidence contained nothing regarding this. No body parts had been dismembered, disfigured, or fractured. By the time the Court continued to the next claimed serious injury category, loss of fetus, the Court realized that the listing of serious injury categories claimed by Plaintiff was problematic — Plaintiff was a male.
The bill of particulars did assert that Plaintiff underwent surgery and injections at the lumbar spine level. One could fathom that perhaps Plaintiff sustained a permanent consequential limitation of use of a body organ or member; a significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment, the latter category being known as "90/180." But certainly Plaintiff did not sustain another category he claimed in his bill of particulars: permanent loss of use of a body organ, member, function or system because that category entails total loss of use of a body part (see Oberly v Bangs Ambulance, Inc., 96 NY2d 295 (2001). If a body part can be moved, even to a small extent, there is no total loss of its use. The IME doctor described the lumbar spine as being capable of movement (and so too do Plaintiff's records).

Hearing and Discussion
On July 31, 2025, this Court conducted oral argument on the summary judgment motion. Inquiring as to how six clearly inapplicable categories of serous injury could be claimed, and not receiving a satisfactory explanation from appearing counsel, a hearing was scheduled on the issue of whether claiming all nine categories of serious injury in the bill of particulars was sanctionable.[FN1]
The hearing was conducted on September 29, 2025.
In attempting to explain the assertion of all nine categories of serious injury, Plaintiff's counsel, Borislav Chernyy, stated that by looking at the detailed injuries listed just prior to the claimed serious injury categories, one could discern that death was not applicable and neither were certain other categories. Counsel apologized for listing all nine categories.
This Court does not find the apology sincere. The Court is uncertain why all nine categories were claimed. Counsel did not explain why there were. If one were cynical it could be suspected that all nine were claimed strategically in order to compel the Defendants to spend time analyzing each one in an attempt to establish that they were not applicable to Plaintiff's injuries. While lack of death and lack of dismemberment would be obvious if Plaintiff was examined by the IME doctor, disproving significant disfigurement and a fracture would be a bit more laborious. This would necessitate the IME doctor perusing Plaintiff's body (or at least the [*3]lumbar spine here) quite closely to detect the absence of a scar; it would also necessitate inquiry by the IME doctor as to whether a fracture had occurred. Had Plaintiff been a female, it could be argued that the IME doctor had to establish that Plaintiff was not carrying a fetus at the time.[FN2]

An alternative line of speculation as to why all nine categories of serious injury were claimed would attribute a lack of seriousness with which Plaintiff's law firm devoted to preparing this component of the bill of particulars. Presumably it requires less work to list all nine categories rather than to sift though them to determine which actually apply to the client's injuries. The Court surmises that this theory is more likely than the one related in the previous paragraph.
The bottom line is that listing all nine categories of serious injury is a sham response to the demand for a bill of particulars and the command in CPLR 3043 (a) (6). It is impossible for a plaintiff in a motor vehicle accident to have sustained all nine categories of serious injury. If one is dead, then they cannot be living with a permanent loss of use of a body organs, member function or system; a permanent consequential limitation of use of a body organs or member; or a significant limitation of use of a body function or system.
Pleading the specific categories claimed to support an allegation of serious injury in a motor vehicle accident is not a pro forma matter. Counsel needs to assess which categories indeed are relevant. A request for a bill of particulars should be taken seriously (see M&T Bank v Friedmann, 217 AD3d 934 [2d Dept 2023]; Manzo v Nealon, 18 AD3d 1043 [3d Dept 2005]; Brown v Bazin, 121 AD2d 422 [2d Dept 1986]; Gargano v Rosenthal, 100 AD2d 534 [2d Dept 1984]). Evidently, counsel for Plaintiff did not do so.
A Court should not have to expend time reviewing a bill of particulars, only to ascertain that an assertion therein is completely frivolous. "[T]he court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart" (22 NYCRR 130-1.1 [a]). Conduct is frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (id. at [c] [1]), or "it asserts material factual statements that are false" (id. at [c] [3]). A court may sua sponte impose sanctions against a law firm provided an opportunity to be heard is offered (see Kamen v Diaz-Kamen, 40 AD3d 937 [2d Dept 2007]). Counsel appearing today did not provide a sufficient explanation why all nine categories of serious injury were claimed — his excuse was that the categories actually applicable could be gleaned from the immediately preceding descriptions of injuries.
Attorney Chernyy stated in his verification of the bill of particulars:
I have read the annexed BILL OF PARTICULARS and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. (NYSCEF Doc No. 35 at 7.)
The allegations in paragraph 4 of the bill of particulars — the injuries and serious injury categories — claimed were not made upon information and belief. As such, the attorney's belief was "based upon facts, records, and other pertinent information contained in my files" (id.). At the hearing, counsel did not relate to the Court what facts, records, and other pertinent information led him to believe that Plaintiff sustained death, dismemberment, significant disfigurement; a fracture; loss of a fetus; and permanent loss of use of a body organ, member, function, or system.
The Court finds that claiming Plaintiff sustained a serious injury as defined by six clearly inapplicable serious injury categories of Insurance Law § 5102 (d) was completely without merit in law, false, and insincere, especially considering counsel's verification of the bill of particulars' contents.
In prior situations such as the instant one, this Court imposed sanctions in the amount of $100 (see Berthold v Williams, 85 Misc 3d 1232[A], 2025 NY Slip Op 50331[U] [Sup Ct, Kings County 2025]; Nahshal v Chait, 85 Misc 3d 1218[A], 2025 NY Slip Op 50225[U] [Sup Ct, Kings County 2025]; Twarkowsky v Morrison, 85 Misc 3d 1204[A], 2025 NY Slip Op 50088[U] [Sup Ct, Kings County 2025]).
A New York State Supreme Court Justice's salary is $232,600. Dividing that by the approximate 250 work days in a year yields a quotient of $930 per work day. Then dividing $930 by eight hours yields a quotient of $116. The Court's time spent on reviewing the parties' papers prior to the July 31, 2025 motion oral argument, inquiring of counsel at argument why nine serious injury categories were claimed, conducting the September 29, 2025 hearing, and writing this decision consumed more than six hours. A sanction in the sum of $700, reflecting more than six hours of work, is imposed against The Chernyy Law Office, P.C., counsel for Plaintiff, payable to the New York State Lawyers' Fund for Client Protection.

Conclusion
IT IS HEREBY ORDERED that a sanction in the sum of $700 is imposed against The Chernyy Law Office, P.C., counsel for Plaintiff, payable to the New York State Lawyers' Fund for Client Protection. A copy of this decision and order shall accompany payment.

Footnotes

Footnote 1: A separate decision and order will be issued determining the motion.

Footnote 2: Without wading into the culture wars, it is also possible that someone who identifies as a male actually can be pregnant with a fetus who prayerfully would not be lost in a motor vehicle accident (see Kristen Rogers, The case for saying 'pregnant people' and other gender-inclusive phrases, CNN Health, May 6, 2024, https://www.cnn.com/2024/05/06/health/gender-inclusive-language-wellness [last accessed Sept. 29, 2025]; Emma Green, The Culture War Over 'Pregnant People,' The Atlantic, Sept. 17, 2021, available at https://www.theatlantic.com/politics/archive/2021/09/pregnant-people-gender-identity/620031/ [last accessed Sept. 29, 2025]).